**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| R. MASON GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-264 |
| | ) | |
| VF JEANSWEAR LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendant | | |

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff alleges that Defendant, his former employer, discharged him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621, et seq., and the Pennsylvania Himan Relations Act ("PHRA"), 43 P.S. § 951, et seq. Defendant has filed a Motion for Summary Judgment, on grounds that Plaintiff cannot demonstrate either a reasonable inference of age discrimination or pretext.

For the following reasons, Defendant's Motion will be denied.

### OPINION

## I. APPLICABLE STANDARDS

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party

bears the burden of demonstrating the absence of any genuine issues of material fact. <u>United States v. Omnicare Inc.</u>, 382 F. 3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## II. DISCUSSION

### A. <u>McDonnell-Douglas</u>

In this case, I apply the burden-shifting paradigm established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Under that paradigm, the plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination: "1) he is within the protected class…; 2) he was qualified to have been retained; 3) he suffered from an 'adverse employment action'; and 4) the employer retained a 'sufficiently younger' and 'similarly situated' individual to permit a reasonable inference of age discrimination." <u>Embrico v. United States Steel Corp.</u>, 404 F. Supp. 2d 802, 818 (E.D. Pa. 2005) (citation omitted).

If the plaintiff succeeds in proving a prima facie case, the burden then shifts to the defendant to produce some legitimate, non-discriminatory reason for the employee's rejection. In pretext discrimination cases, when the burden shifts to defendant, "the employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." <u>Fuentes v. Perskie</u>, 32 F.3d 759, 763 (3d Cir. 1994).

Should the defendant produce such an explanation, the plaintiff must then establish by a preponderance of the evidence that the legitimate reasons offered by the defendant were not the

true reasons, but were a pretext for discrimination. <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). To rebut the defendant's legitimate reason for its conduct, plaintiff must provide sufficient evidence from which a fact finder could either reasonably reject the defendant's explanation, or believe that an invidious discriminatory reason was more likely than not a motivating cause of the employer's decision. <u>Fuentes</u>, 32 F.3d at 763-64.

Specifically, a plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's preferred [sic] legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." <u>Evans v. Pennsylvania Power & Light Co</u>., 98 Fed. Appx. 151, 155 (3d Cir. 2004). "In simpler terms, the plaintiff must show, not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." <u>Keller v. Orix Credit Alliance</u>, 130 F.3d 1101, 1111 (3d Cir. 1997).

Moreover,  "[a]lthough the presumption of discrimination drops out of the picture once the [Defendant meets its] burden of production, the trier of fact may still consider the evidence establishing the Plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the [Defendant's] explanation is pretextual." <u>Chisholm v. National Corp. for Housing Ptnshp</u>., No. 99-3602, 2001 U.S. Dist. LEXIS 1137, at *11 (E.D. Pa. Jan. 31, 2001).

**B. Retention of Younger Personnel**

First, I address Defendant's contention that Plaintiff, who was sixty years old at the time of his termination, cannot demonstrate that he was replaced by a younger employee.  Plaintiff asserts that a twenty-eight year old sales trainee replaced him.  The parties do not dispute that the younger sales trainee performed certain of Plaintiff's responsibilities following Plaintiff's

termination. Defendant contends, however, that the trainee did not permanently replace Plaintiff, but only temporarily covered Plaintiff's territory due to the reorganization and consolidation. Replacement with a younger person is not a requirement of the plaintiff's <u>prima facie</u> case. <u>Sarullo v. United States Postal Serv.</u>, 352 F.3d 789, 798 n. 7 (3d Cir. 2003). Moreover, a temporary replacement, such as the one at issue here, may support a <u>prima facie</u> case:

> Third Circuit precedent mandates that this court is "not limited to considering only [Plaintiff's] final replacement" as the age comparator for purposes of Plaintiff's prima facie case. In <u>Sempier</u>, [45 F. 3d 724 (3d Cir. 1995)] the court looked to the age of the individual who had taken on a substantial portion of the plaintiff's responsibilities in the immediate aftermath of his termination; that person was "well over ten years younger" than the plaintiff. This showing satisfied the fourth prong of the plaintiff's prima facie case in <u>Sempier</u>.

<u>Burtman v. Lance</u>, No. 06-1507, 2008 U.S. Dist. LEXIS 21278, at **39-40 (M.D. Pa. Mar. 17, 2008) (citations omitted).

For those reasons, Plaintiff has met his <u>prima facie</u> elements, and Defendant is not entitled to judgment as a matter of law on grounds that Plaintiff was not permanently replaced.

### C. Pretext

Next, I address the issue of pretext. Defendant has met its initial burden, by explaining that Plaintiff was terminated as part of a reduction in force. Defendant asserts that Plaintiff was included in the RIF due to the low sales volume of his territory, and his territory's proximity to other existing territories. Plaintiff contends, however, that he has proffered sufficient evidence bearing on pretext to call that explanation into question. I agree. For example, there is evidence that two supervisory or managerial employees had a discussion about the Defendant's aging sales force, and knew that "something needed to be done." In addition, there is undisputed evidence that Plaintiff was told, shortly after his termination, "that it was designed for [the sales trainee] to take over" Plaintiff's sales territory. In addition, relative to the territories of the other

two terminated sales representatives, there was a delay in dividing or reassigning Plaintiff's sales territory. These and other facts of record, taken together with the facts underlying Plaintiff's prima facie case, are sufficient to preclude the entry of judgment in Defendant's favor.

## CONCLUSION

In sum, Defendant's Motion for Summary Judgment will be denied. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of August, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment (Docket No. 28) is DENIED.

A pre-trial/settlement conference will be held on Thursday, September 1, 2011 at 11:00 a.m.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge