# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. MASON GREEN,               )
                              )
    Plaintiff,            ) No. 10-264
                              )
VF JEANSWEAR LIMITED          )
PARTNERSHIP,                  )
                              )
    Defendant

## OPINION AND ORDER

### SYNOPSIS

In this age discrimination case, the parties have filed several Motions in Limine. Through his Motions, Plaintiff seeks the following:1) to exclude evidence of his supplemental earnings; 2) to exclude evidence regarding the EEOC's determinations regarding his case; and 3) to include evidence of front pay damages. In turn, Defendant seeks the following: 1) to exclude evidence of the transfer of Plaintiff's smaller sales accounts to the Defendant's account services department; 2) to exclude evidence of the transfer of the Dick's Sporting Goods account; 3) to exclude certain testimony of Philip Horge; and 4) to exclude certain documents prepared by Kevin Walsh.

### OPINION

### I. APPLICABLE STANDARDS

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence." Fed. R. Evid. 401. The standard embodied by Rule 401 is a liberal one. Kia v. Imaging Scis. Int'l, Inc., No. 8-5611, 2010 U.S. Dist. LEXIS 90065, at *10 n. 3 (E.D. Pa. Aug. 30, 2010). When considering relevance, a court determines the "relation between an item of evidence and a matter properly provable in the case." Blancha v. Raymark Indus., 972 F.2d 507, 514 (3d Cir. 1992).

In turn, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means "an undue tendency to suggest a decision on an improper basis…." Advisory Committee Note, Fed. R. Evid. 403. The inquiries under Rules 401 and 403 are fact-intensive, and context-specific. Sprint v. Mendelsohn, 552 U.S. 379, 128 S. Ct. 1140, 170 L. Ed. 2d 1 (2008). A court should be wary of excluding evidence in limine pursuant to Rule 403, because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1999). "[W]hen the trial judge is in doubt, Rule 403 requires admission." Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 (3d Cir. 2002).

"[W]hile evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission. These broad principles favoring the admission of relevant evidence also shape and define the scope of this Court's discretion in

addressing motions in limine…." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 197 (M.D. Pa. 2010).

The burden of establishing the admissibility and relevance of evidence rests on the proponent. E.g., Yibulayin v. Yellow Freight Sys., No. 4-3690, 2005 U.S. Dist. LEXIS 23836, at *5 (E.D. Pa. Oct. 18, 2005).

## II. PLAINTIFF'S MOTIONS

### A. SUPPLEMENTAL EARNINGS

First, I address Plaintiff's contention that evidence of his unemployment benefits, pension benefits, and social security retirement benefits should be excluded under the collateral source doctrine. Under Pennsylvania law, "[t]he collateral source rule provides that payments from a collateral source shall not diminish the damages otherwise recoverable from the wrongdoer." Nigra v. Walsh, 797 A.2d 353, 356 (Pa. Super. Ct. 2002). Thus, collateral source evidence is often excluded as irrelevant, or because any potential relevance is outweighed by the risk of unfair prejudice to the plaintiff. See, e.g., Cheeseboro v. Big Lots, 5-1207, 2006 U.S. Dist. LEXIS 62945, at *5 (M.D. Pa. Sept. 5, 2006). Here, Defendant contests Plaintiff's Motion solely on the basis that it is unknown whether the evidence at trial might render such evidence a proper subject of cross-examination, for a permissible purpose. Plaintiff's Motion is granted, except to the extent that developments at trial render Plaintiff's supplemental earnings an appropriate subject of cross-examination.

### B. EEOC EVIDENCE

Next, I reach Plaintiff's Motion to exclude evidence of the EEOC determination regarding his charge. Defendant represents that it does not intend to introduce evidence concerning the EEOC's determination, and does not contest Plaintiff's assertion that the

evidence may be excluded pursuant to Coleman v. Home Depot, Inc., 306 F. 3d 1333 (3d Cir. 2002).[1]  To that extent, therefore, Plaintiff's Motion is granted.  Of course, as Defendant suggests, if the evidence presented at trial renders information relating to the EEOC determination relevant for some other purpose -- i.e., if Plaintiff "opens the door" to the evidence during his case-in-chief -- it might become an appropriate area of cross-examination or rebuttal.

**C.  FRONT PAY**

I next address Plaintiff's Motion to introduce evidence of front pay damages.  Defendant opposes the Motion, on grounds that reinstatement, rather than front pay, is the appropriate remedy.  "[T]he court is not required to submit the issue of front pay to the jury, and … doing so would merely be advisory."  Potoski v. Wilkes Univ., No. 6-2057, 2010 U.S. Dist. LEXIS 99731, at *4 (M.D. Pa. Sept. 22, 2010) (citing Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73 (3d Cir. 2009)).   Our Court of Appeals, however, has also stated that under the ADEA, "of course the amount of damages available as front pay is a jury question." Maxfield v. Sinclair Int'l, 766 F. 2d 788,  796 (3d Cir. 1985).

In this case, the interests of judicial economy and efficiency are best served by permitting Plaintiff to present evidence of front pay at trial.  Plaintiff has listed no expert witnesses on damages, and I see no reason that evidence relating to front pay will cause undue confusion or delay.  Moreover, in the event that the jury returns a verdict for Plaintiff, the amount of a potential front pay award will have already been addressed.   This does not, however, mean that I have concluded that front pay, rather than reinstatement, is the appropriate remedy here.   I will revisit the issues of reinstatement and front pay following trial, if Plaintiff prevails before the jury.

---

[1] In brief, Coleman found that EEOC materials are subject to Rule 403 balancing, and the court has the discretion to exclude such materials.   Coleman, 306 F. 3d at 1344-46.

**III. DEFENDANT'S MOTIONS**

    **A. TRANSFER OF SMALLER ACCOUNTS**

Defendant contends that the transfer of Plaintiff's smaller accounts to its account services telemarketing department is not relevant, and should be excluded. In addition, Defendant contends that the probative value of such evidence is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. In particular, Defendant suggests that this evidence will somehow suggest a verdict based on the mistaken or unfair actions, as opposed to discriminatory actions.

In this case, Defendant has taken the position that Plaintiff was included in the reduction in force, at least in part, due to the low sales volume of his territory. Plaintiff, in turn, contends that most of the accounts in his sales territory were small accounts, and that his sales territory was thus heavily impacted by the transfer. Evidence of the transfer of accounts addresses the underlying basis for Plaintiff's termination, which is central to this case, and is probative of pretext. Moreover, it is clear that the probative value of the evidence is not substantially outweighed by the dangers enumerated in Rule 403. I note, too, that Defendant's concerns are easily addressed by appropriate instructions to the jury. Defendant's Motion will be denied.

    **B. TRANSFER OF DICKS SPORTING GOODS ACCOUNT**

Next, I address Defendant's Motion to exclude evidence that it transferred Plaintiff's Dick's Sporting Goods account in 2005. Defendant contends that such evidence is not probative, or that its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Again, Defendant argues that evidence of the transfer will improperly suggest to the jury that it is permitted to consider questions of "right and wrong." As discussed <u>supra</u>, Plaintiff contends that Defendant removed accounts from his territory, and then

5

discharged him, in part, due to a low sales volume territory.  Plaintiff asserts that the transfer disproportionately impacted his sales territory.  The circumstances leading to Plaintiff's discharge are central to this case.  The transfer of the Dick's Sporting Goods account is thus probative, at the very least, of pretext.  Moreover, I think it clear that the probative value of this evidence is not substantially outweighed by the dangers enumerated in Rule 403.  Again, appropriate jury instructions will ameliorate Defendant's concerns.  Therefore, the Motion will be denied.

### C. PHILIP HORGE

Next, I address Defendant's Motion in Limine to exclude the testimony of Mr. Horge regarding sales trainees, and allegedly ageist remarks made by supervisory personnel.  Defendant avers that evidence of sales trainee recruitment is irrelevant to Plaintiff, a sales representative, and that the remarks are merely "stray" remarks by non-decisionmakers, and should be excluded.  As Plaintiff contends, evidence of an ageist environment is relevant to his claim of intentional discrimination, and pertains to pretext; such remarks are admissible circumstantial evidence. See, e.g., Romantine v. CH2M Hill Eng'rs, Inc.,No. 9-973, 2011 U.S. Dist. LEXIS 122548, at *7 (W.D. Pa. Oct. 24, 2011); EEOC v. Schott N. Am., Inc., No. 6-1246, 2009 U.S. Dist. LEXIS 8546, at **11-13 (M.D. Pa. Feb. 5, 2009).  Moreover, the alleged recruitment of younger sales personnel is obviously probative of age discrimination.  In addition, I see no way in which any of the dangers enumerated in Rule 403 substantially outweigh the probative value of these aspects of Mr. Horge's testimony.   While the evidence may indeed be prejudicial, that prejudice is not "unfair" within the meaning of Rule 403.  Accordingly, the Motion will be denied.

**D. KEVIN WALSH**

Finally, I address Defendant's Motion to exclude certain documents prepared by Kevin Walsh, including a Sales Team Consolidation Proposal. Defendants argue that the documents are not relevant, because decisionmakers did not rely on the Proposal or other documents in terminating Plaintiff, and because those documents do not tend to prove intentional discrimination. Those issues, however, do not determine probative value in this case. Instead, according to Rule 401, that question rests on the relationship between the evidence and "the existence of any fact that is of consequence." The Proposal addresses Plaintiff's termination, and his contemplated replacement. Such facts surrounding Plaintiff's termination are of patent consequence to this case. Moreover, they bear on the issue of pretext. Furthermore, contrary to Defendant's suggestion, I see no risk of confusing the issues or misleading the jury, much less any that substantially outweighs the probative value of this evidence. The Motion will be denied.

## CONCLUSION

In sum, Plaintiff's Motions regarding supplemental earnings, front pay, and the EEOC determination will be granted, with the acknowledgment that it is possible that developments at trial might render their subject matter appropriate for cross-examination. The issues of reinstatement and front pay will be revisited after trial, if necessary. Defendant's Motions will be denied.

**ORDER**

AND NOW, this 23rd day of February, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motions to exclude evidence of EEOC determination [61], supplemental earnings [59], and front pay [63] are GRANTED, to the extent stated in the body of the Opinion. In the event that the jury returns a verdict for Plaintiff, the Court will revisit the issues of reinstatement and front pay. It is further ORDERED that Defendant's Motions in Limine [65, 67, 69, 71] are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court